# IN THE UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF MISSISSIPPI

IN RE: DAREL WAYNE NICHOLSON  CHAPTER 12
      Debtor  CASE NO. 20-10869-SDM

## CHAPTER 12 PLAN OF REORGANIZATION

COMES NOW the Debtor, Darel Wayne Nicholson (the "Debtor"), and submits this his Chapter 12 Plan of Reorganization (the "Plan") for consideration of the Court and the creditors herein:

## DEFINITIONS

1. "Debtor" shall mean Darel Wayne Nicholson.

2. "Bank" shall mean Bank of Okolona.

3. "De Lage Landen" shall mean De Lage Landen Financial Services, Inc.

4. "Kubota" shall mean Kubota Credit Corporation.

5. "Unsecured Creditors" shall mean all creditors of the Debtor who hold claims for unsecured debts, liabilities, or demands.

6. "Plan" shall mean this Plan of Reorganization as set forth herein.

7. "Court" shall mean the United States Bankruptcy Court for the Northern District of Mississippi, and the United States Bankruptcy Judge presiding in the Chapter 12 case of the Debtor.

8. "Effective Date of Confirmation" shall mean sixty (60) days after the date upon which the Order confirming this Plan shall become final and non-appealable.

## CLASSIFICATION OF CLAIMS

1. Class 1 claims shall be all expenses of administration of the Debtor as defined by § 507(a)(1) for which application for allowance is filed prior to the Effective Date of Confirmation, or such date or dates as the Court determines, as the same are allowed, approved, and ordered to be

paid by the Court. Any claim filed by a creditor as an administrative claim entitled to priority under § 507(a)(1) shall be treated as an unsecured claim without priority until the Court allows the claim as being entitled to priority under § 507(a)(1).

    2.    Class 2 shall be the priority claims, if any.

    3.    Class 3.1 shall consist of the secured claims of the Bank secured by a 2018 GMC HD2500.

    4.    Class 3.2 shall consist of the secured claims of the Bank secured by 32958 Hwy 45 N, in Nettleton, MS and equipment of DTN Cattle Farm.

    5.    Class 3.3 shall consist of the secured claims of the Bank secured by equipment of Nicholson Farm, a Polaris Ranger and a Yamaha 700.

    6.    Class 4 shall consist of the secured claims of De Lage Landen secured by a 220 Hyundai Excavator.

    7.    Class 5.1 shall consist of the secured claims of Kubota secured by a caddy and cutter.

    8.    Class 5.2 shall consist of the secured claims of Kubota secured by a bushhog.

    9.    Class 6 shall consist of all unsecured claims.

### **PAYMENT TO CHAPTER 12 TRUSTEE AND DEBTOR'S ATTORNEY**

Keeping in mind the opinion Judge Woodard rendered in the *George Speir* case with respect to compensation of the Chapter 12 Trustee, and keeping in mind that Plan success can sometimes depend upon the amount of payment to the Chapter 12 Trustee and the Debtor's professionals, the Debtor proposes to pay Trustee compensation on the claims in Classes 3.2 and 3.3, to the extent this Debtor pays a portion of those claims; and Classes 4, 5.1, 5.2 and 6.

The Debtor shall pay the allowed fees and expenses of his attorneys, as determined by the Court and authorized in conjunction with Class I of the Plan.

## DESCRIPTION OF THE PLAN AND FUNDING OF THE PLAN

The funding of the Debtor's obligations, under this Plan, and under the treatment proposed by the Debtor to the secured creditors, shall be from the Debtor's farming operations and that of his affiliates.

## LIQUIDATION ANALYSIS

The Debtor is of the opinion that the liquidation of his homestead would not produce any benefit for unsecured creditors because any equity in it would not be over and above the Debtor's $75,000 homestead exemption.

With respect to the Debtor's farm equipment, the Debtor points out that used farm equipment is at an unprecedented low due to many factors, most of which are beyond the Debtor's (or any purchasers of equipment) control including but not limited to, the situation involving the tariffs on American farm goods, an excess of used farm equipment on the market due to droughts in some areas and floods in others, lack of laborers in the industry, in general, and, specifically, with respect to meat packing plants, and the packing and shipping of fruit and vegetable commodities. Auctions have produced shockingly low values for farm equipment across the South in recent auctions. Accordingly, Debtor does not believe that his farm and farm-related equipment would yield more than one-half of the value ascribed to it by the Debtor in his Schedules if it were liquidated, especially at this time of year.

## TREATMENT OF CLAIMS

Class 1.    All Class 1 claims will be paid in full on the Effective Date of Confirmation, as authorized and approved by the Court, outside the Plan.

Class 2. The Class 2 priority claims, if any, shall be paid within sixty (60) months from the date of the order confirming the Chapter 12 Plan, with interest at the applicable statutory rate for governmental entities.

Class 3.1. Class 3.1 shall consist of the secured claims of the Bank secured by a 2018 GMC HD2500. In order to pay the secured claims of the Bank, In order to pay the secured claims of the Bank, the Debtor will amortize the claim over a five (5) year period. Payments will be made on an annual basis, with the first payment coming due January 31, 2021, and with a like payment of principal and interest coming due January 31 of the following years until this claim is paid in full. This obligation will bear interest at the rate of 5.10% per annum.

Class 3.2. Class 3.2 shall consist of the secured claims of the Bank secured by 32958 Hwy 45 N, in Nettleton, MS and equipment of DTN Cattle Farm. In order to pay the secured claims of the Bank, the Debtor and DTN Cattle Farm will amortize the claim over a fifteen (15) year period, with the indebtedness becoming fully due and payable within seven (7) years. Payments will be made on an annual basis, with the first payment coming due January 31, 2021, and with a like payment of principal and interest coming due January 31 of the following years until this claim is paid in full. This obligation will bear interest at the rate of 5.25% per annum.

Class 3.3. Class 3.3 shall consist of the secured claims of the Bank secured by equipment of Nicholson Farm, a Polaris Ranger and a Yamaha 700. In order to pay the secured claims of the Bank, Nicholson Farm will amortize the claim over a five (5) year period. Payments will be made on an annual basis, with the first payment coming due January 31, 2021, and with a like payment of principal and interest coming due January 31 of the following years until this claim is paid in full. This obligation will bear interest at the rate of 5.10% per annum.

Class 4. Class 4 shall consist of the secured claims of De Lage Landen secured by a 220 Hyundai Excavator. In order to pay the secured claims of De Lage Landen, In order to pay the secured claims of De Lage Landen, the Debtor will amortize the claim over a five (5) year period. Payments will be made on an annual basis, with the first payment coming due January 31, 2021, and with a like payment of principal and interest coming due January 31 of the following years until this claim is paid in full. This obligation will bear interest at the contract rate of 5.70% per annum.

Class 5.1. Class 5.1 shall consist of the secured claims of Kubota secured by a caddy and cutter. In order to pay the secured claims of Kubota, In order to pay the secured claims of Kubota, the Debtor will amortize the claim over a five (5) year period. Payments will be made on an annual basis, with the first payment coming due January 31, 2021, and with a like payment of principal and interest coming due January 31 of the following years until this claim is paid in full. This obligation will bear interest at the rate of 5.10% per annum.

Class 5.2. Class 5.2 shall consist of the secured claims of Kubota secured by a bushhog. In order to pay the secured claims of Kubota, In order to pay the secured claims of Kubota, the Debtor will amortize the claim over a five (5) year period. Payments will be made on an annual basis, with the first payment coming due January 31, 2021, and with a like payment of principal and interest coming due January 31 of the following years until this claim is paid in full. This obligation will bear interest at the contract rate of 0.00% per annum.

Class 6. The Debtor will pay to Class 6 unsecured creditors a pro rata share of the Debtor's projected disposable income, after payment of costs of operations/administration, priority tax claims, if any, and secured claims, with unsecured creditors receiving distributions commencing on the anniversary date of the Effective Date of Confirmation, over the five year life of the Plan.

## ASSUMPTION OF EXECUTORY CONTRACTS AND UNEXPIRED LEASES

The Debtor is not aware of any executory contracts or unexpired leases that need to be assumed. If he discovers executory contracts or unexpired leases that need to be assumed or rejected, the Plan will be amended to provide for that.

## DISCHARGE

Upon completion of all of the Plan payments, the Debtor shall receive his discharge in accordance with 11 U.S.C. § 1228 of the Bankruptcy Code.

## JURISDICTION

After the Effective Date of Confirmation, the Court shall retain jurisdiction only for such purpose as is necessary for the supervision, enforcement, and fulfillment of this Plan; to consider the rejection or acceptances of executory contracts to consider applications for fees and allowances of professional services; to conduct all adversary and civil proceedings which have been filed with or removed to this Court prior to the Effective Date of Confirmation, and to rule upon objections, if any, to claims filed herein.

This, the 16th day of July, 2020.

Respectfully submitted,

DAREL WAYNE NICHOLSON

By His Attorneys,

LAW OFFICES OF CRAIG M. GENO, PLLC

By: _____
Craig M. Geno

OF COUNSEL:

Craig M. Geno; MSB No. 4793
LAW OFFICES OF CRAIG M. GENO, PLLC
587 Highland Colony Parkway
Ridgeland, MS 39157
601-427-0048 - Telephone
601-427-0050 - Facsimile
cmgeno@cmgenolaw.com
N:\Firm Data\Users\Bankrupt\Nicholson, Darel Wayne\Plan\Plan 7-13-20.wpd

## CERTIFICATE OF SERVICE

I, Craig M. Geno, do hereby certify that I have caused to be served this date, via electronic filing transmission and/or U. S. Mail, postage prepaid, a true and correct copy of the above and foregoing to the following:

> Harold J. Barkley, Jr., Esq.
> hjb@hbarkley13.com
>
> Sammye S. Tharp, Esq.
> Sammye.S.Tharp@usdoj.gov

THIS, the \_\_\_\_\_ day of July, 2020.

_____
Craig M. Geno