# IN THE UNITED STATES BANKRUPTCY COURT FOR THE NORTHERN DISTRICT OF MISSISSIPPI

IN THE MATTER OF:   CHAPTER 12 NO.:

DAREL WAYNE NICHOLSON   20 – 10869 - SDM

## TRUSTEE'S OBJECTION TO CHAPTER 12 PLAN OF REORGANIZATION

COMES NOW Trustee, Harold J. Barkley, Jr., and files this his Objection to the Debtor's Chapter 12 Plan of Reorganization [DK #24]; and in support thereof would most respectfully show unto this Honorable Court as follows:

1.  The Debtor's plan, as filed, fails to meet the statutory requirements of 11 U.S.C. §1222. The plan simply does not provide any indication of the Debtor's past farming numbers or any future projections regarding income and cost of farming operations. While those numbers often fluctuate, it is necessary for the Debtor to provide some meaningful information to allow the Court and interested parties to determine the Debtor's cashflow. Further, the plan indicates that the Debtor will pay the allowed fees and expenses of his attorneys "as determined by the Court and authorized in conjunction with Class I of the plan," but fails to provide any indication of the approximate amount owed on these claims. This information is crucial to allow the Trustee to perform his duties and evaluate the case. Without the above information, the Trustee is unable to determine whether the Debtor's case is feasible or whether the proposed plan is filed in good faith, much less determine disposable income. While, the Trustee is mindful of the opinion rendered by Judge Woodard in the *George Speir* case and understands the factors that play a role in a plan's success, the Trustee is unable to engage in any meaningful analysis with the information provided. For this reason, the Trustee objects to the plan's proposed treatment of claims and proposed payment to the Chapter 12 Trustee and Debtor's Attorney. The Trustee would show that he is entitled to statutory compensation and expense, provided the debtor's plan is confirmed, on all payments under the plan that are impaired or otherwise altered from their pre-petition terms of payment, including but not limited to payment on claims entitled to priority (inclusive of those under §507(a)(1)), administrative claims, secured claims, and unsecured claims. More specifically, in addition to the claims the Debtor has proposed to be paid through the Chapter 12 Trustee's office (3.2, 3.3, 4, 5.1, 5.2, and 6), the Class 1 administrative claims should be paid through the

Trustee's office, subject to the Trustee's statutory compensation, and not paid directly by the Debtor. The Trustee objects to the treatment of claims. It is unclear to the Trustee whether the Debtor is proposing to pay Class 3.2 and 3.3 through the plan, subject to the Trustee's compensation, or whether the Debtor is contemplating allowing a third party to pay those claims. The Trustee objects to a third party paying the Class 3.2 and 3.3 claims.

2. The Debtor's plan proposes to pay unsecured creditors a pro rata share of the Debtor's projected disposable income "after payment of costs of operations/administration; priority tax claims, if any, and secured claims with unsecured creditors receiving distributions commencing on the anniversary date of the Effective Date of Confirmation, over a five year life of the Plan." The Trustee is unable to determine the distribution, if any, that will be made to unsecured creditors. As mentioned earlier, it is imperative that the Debtor provide his expectations with regard to future income and projections regarding the cost of farming. Given the uncertainty of the Debtor's disposable income, the Trustee objects to the Debtor's proposed treatment of unsecured creditors.

3. The Debtor has failed to file monthly operating reports as required by Local Rule 2015-1. The Debtor is due for March 2020, April 2020, May 2020, and June 2020.

4. Further, for other good and sufficient reasons to be assigned at a hearing hereon. The Trustee reserves the right to amend this objection at any time prior to or during any confirmation hearing regarding the proposed Chapter 12 Plan of Reorganization.

WHEREFORE, PREMISES CONSIDERED, Trustee prays that this Objection be received and filed and upon a hearing hereon this Honorable Court will enter its Order sustaining Trustee's Objection, dismissing the case or for such other, further and general relief to which the Trustee and this bankruptcy estate may be entitled.

Dated: August __10__, 2020

Respectfully submitted,

/S/HAROLD J. BARKLEY, JR.
HAROLD J. BARKLEY, JR. – MSB #2008
CHAPTER 12 TRUSTEE
POST OFFICE BOX 5069
JACKSON, MS 39296-5069
PHONE: 601/362-7153
FAX: 601/366-7442
E-MAIL: HJB@HBARKLEY13.COM

**C E R T I F I C A T E**

  I, Harold J. Barkley, Jr., Trustee, do hereby certify that I have this date mailed a true and correct copy of the foregoing pleading to the following parties by United States Mail, postage prepaid or by ECF Filing Notification:

Office of the U. S. Trustee
Ustpregion05.ja.ecf@usdoj.gov

Hon. Craig M. Geno
cmgeno@cmgenolaw.com

Darel Wayne Nicholson
32958 Hwy 45 North
Nettleton, MS 38858


Dated: August 10 , 2020

                /S/HAROLD J. BARKLEY, JR.
                HAROLD J. BARKLEY, JR.