# IN THE UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF MISSISSIPPI

IN RE: DAREL WAYNE NICHOLSON                                  CHAPTER 12
         Debtor                                                                 CASE NO. 20-10869-SDM

## MOTION FOR AUTHORITY TO SELL EQUIPMENT
## OUTSIDE THE ORDINARY COURSE OF BUSINESS
## <u>FREE AND CLEAR OF LIENS, CLAIMS AND INTERESTS</u>

COMES NOW Darel Wayne Nicholson (the "Debtor") and files this his *Motion For Authority to Sell Equipment Outside the Ordinary Course of Business Free and Clear of Liens, Claims and Interests* (the "Motion"), and in support thereof, would respectfully show unto the Court as follows, to-wit:

1. On February 27, 2020, the Debtor herein filed with this Court his original petition for bankruptcy under Chapter 12 of the Bankruptcy Code.

2. This Honorable Court has jurisdiction of the subject matter herein and the parties hereto pursuant to 28 U.S.C. § 157, 1334; 11 U.S.C. § 105, 363, 541, 1107, related statutes, related rules and various orders of reference. This is a core proceeding.

3. In the exercise of the Debtor's best business judgment, the Debtor has made the decision to liquidate certain equipment in an effort to generate credits to pay the indebtedness of secured creditors.

4. Specifically, the equipment that forms the subject matter of this Motion is a Hyndai HX220L excavator (the "Equipment"). It is the Equipment the Debtor desires to sell.

5. The decision to liquidate the Equipment is in the best interest of all creditors and parties in interest herein. The purchaser for the Equipment is Big Lynn's, LLC (the "Purchaser"). The purchase price for the Equipment is $65,000. This is the fair market value of the Equipment.

6. The Purchaser is a good faith purchaser and the sale transaction is an arms-length transaction.

7. The Debtor seeks authority of the Court to execute such bills of sale, transfer of title or other related documents which are reasonably necessary to consummate and close the sale of the Equipment.

8. The Debtor seeks to sell the Equipment free and clear of liens, claims and interests, with the valid liens and claims of De Lage Landen Financial Services, Inc. ("De Lage Landen") to attach to the sales proceeds. The first, and only, consensual lien is held by De Lage Landen.

9. Upon closing, all funds from the closing, shall be paid directly to De Lage Landen who, as noted, holds the first, and only, consensual lien on the Equipment. The remaining proceeds from the sale after payment toward De Lage Landen's lien, if any, shall be delivered to the Chapter 12 Trustee.

10. The Debtor requests that the Court approve the sale for the fair, reasonable, and appropriate price of $65,000.

11. Other grounds to be assigned upon a hearing hereof.

WHEREFORE, PREMISES CONSIDERED, Debtor respectfully prays that upon a hearing hereof, this Honorable Court will grant the Motion authorizing Debtor to sell the Equipment free and clear of liens, claims and interests, and to execute such bills of sale, transfer of title or other related documents to transfer good title to the Equipment. Debtor prays for general relief.

THIS, the 20th day of July, 2021.

                Respectfully submitted,

                DAREL WAYNE NICHOLSON

                By His Attorneys,

                LAW OFFICES OF CRAIG M. GENO, PLLC

                By: _____
                        Craig M. Geno

OF COUNSEL:

Craig M. Geno; MSB No. 4793
LAW OFFICES OF CRAIG M. GENO, PLLC
587 Highland Colony Parkway
Ridgeland, MS 39157
601-427-0048 - Telephone
601-427-0050 - Facsimile
cmgeno@cmgenolaw.com
N:\Firm Data\Users\Bankrupt\Nicholson, Darel Wayne\Pleadings\Mot to Sell Excavator 7-20-21.wpd

## CERTIFICATE OF SERVICE

I, Craig M. Geno, do hereby certify that I have caused to be served this date, via Notice of Electronic Filing, a true and correct copy of the above and foregoing to the following:

Sammye S. Tharp, Esq.
Sammye.S.Tharp@usdoj.gov

Harold J. Barkley, Jr., Esq.
hjb@hbarkley13.com

THIS, the 20th day of July, 2021.

                                        _____
                                        Craig M. Geno